DOUGLAS E. GEYMAN (SBN: 159417)
Law Office of Douglas E. Geyman
750 B Street, Suite 2635
San Diego, CA 92101
Telephone: (619) 232-3533

Attorney for Plaintiff PATRICIA WEISS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIA WEISS, an individual<br><br>Plaintiff,<br><br>v.<br><br>ALERE MEDICAL, INC.; and DOES 1 through 20, inclusive,<br><br>Defendant. | Civil No.: '11CV2108 LAB NLS<br><br>Complaint For:<br><br>1. Employment Discrimination Based on Age (29 USC §§ 621, *et seq.)*;<br><br>2. Employment Discrimination Based on Disability *(42 USC §§ 12101, et seq.)*;<br><br>4. Employment Discrimination Based on Harassment ((42 USC § 2000e , *et seq.; California Government Code §§ 12940, et seq.)*;<br><br>5. Employment Discrimination Based on Retaliation ((42 USC § 2000e , *et seq.; California Government Code §§ 12940, et seq.)*;<br><br>6. Intentional Infliction of Emotional Distress; and<br><br>7. Negligent Infliction of Emotional Distress.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PATRICIA WEISS, for her complaint, alleges as follows:

1. Plaintiff brings this action pursuant to the provisions of 42 USC §§ 2000e , *et seq.* ("The Civil Rights Act"), 29 USC §§ 621, *et seq.* ("The ADEA"), 42 USC §12101 , *et seq.* ("The ADA"), and California Government Code ("Cal. Gov. Code") § 12940, *et seq.*, including subsequent amendments to said statutes, to obtain such legal and equitable relief as will effectuate the purposes of said statutes.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 USC § 62©).

3. Venue in the United States District Court for the Southern District of California is proper under 28 U.S.C. § 1391(b).

**THE PARTIES**

4. Plaintiff PATRICIA WEISS ("Plaintiff" or "WEISS") is an individual residing in the State of California, County of San Diego.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant to this complaint, defendant ALERE MEDICAL, INC. ("ALERE" or "Defendant"), was a corporation doing business in the State of California.

**PROCEDURAL AND FACTUAL BACKGROUND**

6. Plaintiff is a member of the protected classes of age, pursuant to 29 USC 621, *et seq*.; and disability, pursuant to 42 USC §12101, *et seq*.

7. At all times herein relevant, Plaintiff was of an age greater than 40 years.

8. At all times herein relevant, Plaintiff suffered from the disabilities of marked degenerative thoracic sacral disc disease, depression, stress-related anxiety disorder, and gallstones. In spite of her disabilities, Plaintiff remained able to perform the essential functions of her job duties with reasonable and available accommodations.

9. In or about February 2007, Plaintiff became employed with Defendant as a Full Time Remote Nurse. In this position, Plaintiff was required to, and did, set up and maintained a virtual remote office in Nevada City, California.

10. At the time that Plaintiff began her employment with defendant, she was a 60 year old registered nurse with an excellent and highly meritorious career history.

11. Prior to and continuing through in or about July 2007, Plaintiff requested the reasonable accommodation of not traveling due to her disabilities. Defendant was initially reluctant to accommodate Plaintiff's disability, however, after Plaintiff sought the assistance of legal counsel, Defendant granted Plaintiff's request.

12. Almost immediately after Defendant agreed to accommodate Plaintiff's disabilities, Plaintiff became the subject of pervasive and continual harassment by her supervisor. The harassment included, but was not limited to, overly harsh and aggressive critiques of Plaintiff's work, and intensive and unwarranted oversight.

13. Plaintiff is informed and believes, and thereon alleges, that the harassment she suffered at the hands of her supervisor were in retaliation for Plaintiff's seeking and obtaining accommodation of her disabilities, which accommodations were reasonably available to be provided by Defendant.

14. The harassment and retaliatory employment acts taken against Plaintiff culminated when on or about September 28, 2008, her supervisor told her that she "was not productive enough" and terminated Plaintiff's employment.

15. Plaintiff is informed and believes that she was no less productive than her similarly-situated younger, able-bodied co-workers who were not subjected to the ill-treatment that Plaintiff was subjected to.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant was motivated to discriminate against her based on her age, which at all times relevant hereto, was greater than forty (40) years.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant was motivated to discriminate against her based on her disabilities and its desire to be relieved of its duty to accommodate said disabilities.

18. On or about February 12, 2009, Plaintiff filed her formal complaint for discrimination with the Equal Employment Opportunity Commission ("EEOC") and against the Defendant based on her age and disability, Charge No. 487-2009-00365 ("the Discrimination Complaint").

19. On or about June 17, 2011, the EEOC issued it Dismissal and Notice of Suit Rights, granting Plaintiff the right to bring suit in United States District Court, who timely files this action.

////

**COUNT I**

**Unlawful Employment Discrimination Based on Age (29 USC 621, *et seq.*)**

**(As Against Defendant ALERE)**

20. Plaintiff incorporates herein by references paragraphs 1 through 19 of this complaint as though fully set forth herein.

21. Plaintiff has been subjected to continual and pervasive unlawful employment discrimination in the form of harassment and retaliatory actions perpetuated against her based, in part, on her age of over forty (40) years. As such, Plaintiff has been subjected to unlawful employment discrimination based on her age.

22. Age is a protected class under 29 USC 621 , *et seq*.

23. Plaintiffs claims of employment discrimination based on age are supported by the acts alleged herein.

24. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges based on tenure, and damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

25. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future actions, and in the discretion of the Court.

////

////

////

////

**COUNT II**

**Unlawful Employment Discrimination Based on Disability (42 USC §§ 12101, *et seq.*)**

(As Against Defendant ALERE)

26. Plaintiff incorporates herein by references paragraphs 1 through 25 of this complaint as though fully set forth herein.

27. Plaintiff has been subjected to continual and pervasive unlawful employment discrimination in the form of harassment and retaliatory actions perpetuated against her based, in part, on her hearing disability. As such, Plaintiff has been subjected to unlawful employment discrimination based on her disability.

28. Disability is a protected class under 42 USC §§ 12101 , *et seq*.

29. Plaintiffs claims of employment discrimination based on disability are supported by the acts alleged herein.

30. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges based on tenure, and damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

31. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future actions, and in the discretion of the Court.

////

////

////

////

**COUNT III**

**Employment Discrimination Based on Harassment**

***(42 USC §2000e , et seq.; California Government Code § 12940, et seq.)***

(As Against Defendant ALERE)

32. Plaintiff incorporates herein by references paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. During the course of her employment with Defendant, Plaintiff was subjected to continual and pervasive harassment. The harassment was sufficiently pervasive as to alter the conditions of Plaintiff's employment and create a hostile and abusive working environment.

34. Defendant knew or should have known about the harassment. Plaintiff advised Defendant of the abusive and harassing behavior on numerous occasions, but to no avail. Defendant took no adequate actions to remedy the harassment, if it took any actions at all.

35. Defendant's conduct as set forth herein constitutes unlawful employment discrimination based on harassment in violation of 42 USC §2000e , *et seq*., and California's Fair Employment and Housing Act ("FEHA"), as codified at California Government Code §§ 12940, *et seq*.

36. Plaintiff's claim of employment discrimination based on harassment is supported by the conduct of Defendants, and each of them, as described herein.

37. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, loss of leave time and other employment benefits, lost retirement benefits and privileges based on tenure, and damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

38. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore,

entitled to punitive and exemplary damages in an amount sufficient to discourage such future actions, and in the discretion of the Court.

**COUNT IV**

**Employment Discrimination Based on Retaliation**

**(42 USC §2000e , *et seq.; California Government Code § 12940, et seq.*)**

**(As Against Defendant ALERE)**

39. Plaintiff incorporates herein by references paragraphs 1 through 38 of this complaint as though fully set forth herein.

40. During the course of her employment with Defendant, Plaintiff was subjected to discriminatory retaliatory employment actions after she sought the assistance of legal counsel to obtain reasonable accommodations for her disabilities.

41. The retaliatory employment acts taken by Defendant against Plaintiff adversely affecting the terms and conditions of her employment with the Defendant, in violation of 42 USC §2000e , *et seq*., and FEHA, as codified at Cal. Gov. Code § 12940(h).

42. Plaintiff's retaliation claims are supported by Defendants', and each of their, conduct as described herein.

43. As a result of Defendant's discriminatory acts, Plaintiff has suffered economic and other losses, including, but not limited to, loss of gainful employment, lost earnings, loss of leave time and other employment benefits, lost retirement benefits and privileges based on tenure, and damages for emotional distress, humiliation and mental anguish, in an amount not less than Five Hundred Thousand Dollars ($500,000.00) in compensatory damages.

44. Plaintiff is informed and believes, and thereupon alleges, that the actions of Defendants, and each of them, as hereinabove alleged, were willful, wanton, malicious and oppressive, and done with knowledge that their conduct was unlawful. Notwithstanding such knowledge, Defendants, and each of them, despicably subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights as hereinabove alleged. Plaintiff is, therefore, entitled to punitive and exemplary damages in an amount sufficient to discourage such future actions, and in the discretion of the Court.

**COUNT V**

**Intentional Infliction of Emotional Distress**

**(As Against All Defendants)**

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. The conduct of Defendants, and each of them, as alleged herein, was outrageous and extreme, and outside the normal scope of the employment relationship. Defendants, and each of then, knew their conduct would result in Plaintiff's severe emotional distress. Said conduct by Defendants, and each of them, was done with the intent to, and did, inflict, mental anguish and severe emotional distress upon Plaintiff.

47. The conduct of Defendants, and each of them, and was done in reckless disregard and with the intention to cause emotional distress in Plaintiff.

48. As a result of Defendants', and each of their, extreme and outrageous conduct, Plaintiff has suffered, and continues to suffer severe emotional distress and mental anguish.

49. The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, extreme and outrageous conduct as set forth herein.

50. As a direct and proximate cause of Defendants', and each of their, actions, Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and special damages in an amount to be proven at trial.

51. The acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights, and with the intent to injure Plaintiff. Defendants', and each of their, conduct was extreme and outrageous to such a degree as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

///

///

**COUNT VI**

**Negligent Infliction of Emotional Distress**

**(As Against All Defendants)**

52. Plaintiff incorporates by reference paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53. The conduct of Defendants, and each of them as set forth herein, was negligent and in reckless disregard for the emotional distress and mental anguish it would cause in Plaintiff.

54. Defendants, and each of them, reasonably knew or should have known that their negligent acts and/or failures to act would cause injury to Plaintiff.

55. The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendants', and each of their, negligent conduct.

56. As a direct and proximate cause of Defendants', and each of their, negligent actions, Plaintiff has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and special damages in an amount to be proven at trial.

57. The negligent acts of Defendants, and each of them, were done with malice, fraud and oppression, and with conscious disregard for the Plaintiff's rights. Defendants', and each of their, conduct was negligent to such a degree as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendants and others.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs prays for relief as follows:

1. For compensatory damages, including, but not limited to, lost earnings, lost leave time and other benefits including lost retirement benefits and privileges based on tenure, damages for emotional distress, humiliation and mental anguish, all in an amount not less than Five Hundred Thousand Dollars ($500,000.00);

2. For an award of interest, including prejudgment interest, at the legal rate;

////

3. For punitive damages in an amount to be proven at the time of trial for all causes of action for which such damages are recoverable;

4. For attorneys fees, according to proof at trial;

5. For costs of suit incurred herein;

6. For a jury trial on all issues so triable; and

7. For such other and further relief as the Court may deem appropriate.

September 12, 2011

LAW OFFICES OF DOUGLAS E. GEYMAN

By: /s/Douglas E. Geyman
Douglas E. Geyman, Esq.
Attorney for Plaintiff PATRICIA WEISS

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

'11CV2108 LAB NLS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Patricia Weiss, an individual

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Douglas E. Geyman, Esq., 750 B St., Suite 2635, San Diego, CA 92101; (619) 232-3533

## DEFENDANTS

Alere Medical, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | ~~Incorporated or Principal Place of Business In This State~~ | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42USC §§2000, et seq. & 29 USC §§621, et seq.

Brief description of cause:
Employment discrimination based on age, disability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE: 09/12/2011

SIGNATURE OF ATTORNEY OF RECORD: /s/Douglas E. Geyman, Esq.

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE